UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL
DIVISION, *et. al.*

         *Plaintiffs,*

         v.

JEWELL, *et al.*

         *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civ. No. 14-00991 (EGS)

CENTER FOR BIOLOGICAL
DIVISION,

         *Plaintiff,*

         v.

JEWELL, *et al.*

         *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)

Civ. No. 14-01021 (EGS)

## UNOPPOSED MOTION TO CONSOLIDATE

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs hereby move to consolidate *Center for Biological Diversity, et al. v. Sally Jewell, et al.,* Civil No. 14-00991(EGS) and *Center for Biological Diversity v. Sally Jewell, et al.,* Civil No. 14-01021 (EGS).  These two cases share common questions of law and facts, involving identical claims under the Endangered Species Act ("ESA") with the same federal Defendants.  Consolidation of these cases will best serve the interests of justice and conserve the resources of the Court and parties, allowing briefing schedules and hearing dates to be coordinated for any motions that may be filed throughout the

course of the litigation.  Counsel for the parties conferred, and Defendants do not oppose this motion.

I.    BACKGROUND

On June 10, 2014, the Center for Biological Diversity, Greenpeace, Inc., and The Boat Company filed a complaint in this Court against Sally Jewell and the U.S. Fish and Wildlife Service, challenging Defendants' failure to make a mandatory determination on Plaintiffs' petition to protect the Alexander Archipelago wolf (*Canis lupus ligoni*) as threatened or endangered under the ESA (Civil Case No: 14-00991 (EGS)).  The case stems from a petition that the Center and Greenpeace submitted on August 10, 2011, which Defendants subsequently found presented substantial information to show that listing the Alexander Archipelago wolf "may be warranted." 16. U.S.C. § (b)(3)(A); *see also* 79 Fed. Reg. 17,993 (Mar. 31, 2014). Pursuant to section 4(b)(3)(B) of the ESA, 16 U.S.C. § 1533(b)(3)(B), Defendants were required to issue a "12-month finding" on the petition by August 10, 2012, but Defendants have not yet made this finding, which was nearly two years overdue when the complaint was filed.

On June 17, 2014, the Center for Biological Diversity filed a complaint against Sally Jewell and the U.S. Fish and Wildlife Service, challenging Defendants' failure to make a mandatory determination on Plaintiffs' petitions to protect nine different species as a threatened or endangered under the ESA (Civil Case No: 14-01021 (EGS)).  These species are: the Ichetucknee siltsnail (*Floridobia mica*); the San Bernardino flying squirrel (*Glaucomys sabrinas californicus*); a population of the black-backed woodpecker (*Picoides arcticus*) that occurs in California and Oregon; a population of the black-backed woodpecker that occurs in South Dakota; the Kirtland's snake (*Clonophis kirtlandii*); the Atlantic pigtoe (*Fusconaia masoni*); the slenderclaw crayfish (*Cambrus cracens*); the Barrens darter (*Etheostoma forbesi*); and the

holiday darter (*Etheostoma brevirostrum*).  As with the Alexander Archipelago wolf, the Center

submitted to FWS a petition to list each of these species under the ESA, and Defendants

concluded that the Center's petitions presented substantial information to show that listing each

of the species "may be warranted."  16. U.S.C. § (b)(3)(A); *see also* 76 Fed. Reg. 59,836 (Sep.

27, 2011); 77 Fed. Reg. 4,973 (Feb. 1, 2012); 78 Fed. Reg. 21,086 (April 9, 2013).  And

Defendants have not yet made the 12-month findings to determine whether listing these nine

species is warranted, as the ESA requires. 16 U.S.C. § 1533(b)(3)(B).

Both actions are related to *In Re Endangered Species Act Deadline,* Civil Case No. 10-

00377 (EGS), and both are ESA "deadline cases" that are governed by a stipulated settlement

agreement signed by the Center and Defendants and approved by this Court.  Defendants have

not answered the complaint in either 14-00991 (EGS) or 14-01021 (EGS).

II.    ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that a district court may consolidate

separate actions or discrete proceedings therein as follows:

If actions before the court involve a common question of law or fact, the court may: (1)

join for hearing or trial any or all matters at issue in the actions; (2) consolidate the

actions; or (3) issue any other orders to avoid unnecessary cost or delay.

 "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the

trial court."  *Stewart v. O'Neil*, 225 F. Supp.2d 16, 21 (D.D.C. 2002).  "When determining

whether to exercise such discretion, 'courts weigh considerations of convenience and economy

against considerations of confusion and prejudice.'" *American Postal Workers Union v. United

States Postal Service*, 422 F. Supp.2d 240, 245 (D.D.C. 2006) (quoting *Chang v. United States*,

217 F.R.D. 262, 265 (D.D.C. 2003).

These standards weigh heavily in favor of consolidating the two cases here, as both cases contain nearly identical facts and involve the same causes of action under the ESA, 16 U.S.C. § 1533(b)(3)(B), and APA, 5 U.S.C. § 706(1).  Both cases ask the court to grant the same relief, specifically: (1) to declare that Defendants violated the ESA by failing to make 12-month findings as to whether listing the species is warranted; (2) order Defendants to issue, by reasonable dates certain, findings as to whether listing the species is warranted; (3) award Plaintiffs attorney fees and costs incurred in the actions; and (4) provide other relief the Court deems necessary.  Both cases include the same Defendants, and both are governed by the same stipulated settlement agreement that Defendants and the Center signed in a related case.

Consolidating these cases will conserve the resources of the parties and the Court.  The two cases are at the same stage, awaiting a response from Defendants to the complaints, and they are virtually certain to proceed on the same procedural path.  Consolidation will avoid unnecessary duplication while ensuring the fullest presentation of the issues to the Court.

Counsel for Plaintiffs discussed the instant motion with opposing counsel in compliance with LCvR 7(m), and counsel represented that Defendants do not oppose Plaintiffs' motion to consolidate the two cases.

III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court consolidate Case Nos. 14-00991 (EGS) and 14-01021 (EGS).

Dated: August 13, 2014                              Respectfully submitted,


                                                    /s/ *Amy R. Atwood*
                                                    Amy R. Atwood, D.C. Bar No. 470258
                                                    Center for Biological Diversity
                                                    P.O. Box 11374

Portland, OR 97211-0374
Telephone: (503) 283-5474
Facsimile: (503) 283-5528
Email: atwood@biologicaldiversity.org

*Attorney for Plaintiffs Center for Biological Diversity, Greenpeace, and The Boat Company in Civ. No. 14-00991; Attorney for Plaintiff Center for Biological Diversity in 14-01021*

*/s/ Rebecca Noblin*
Rebecca Noblin, admitted *pro hac vice*
Center for Biological Diversity
P.O. Box 100599
Anchorage, AK  99510-0599
Telephone: (907) 274-1110
Facsimile: (907) 258-6177
Email: rnoblin@biologicaldiversity.org

*Attorney for Plaintiffs Center for Biological Diversity, Greenpeace, and The Boat Company in Civ. No. 14-00991*